TNT MARKETING, INC., a corporation, and Paul E. Simon, an individual, Plaintiffs-Appellees,

v.

Frank AGRESTI, Defendant-Appellant.

No. 85–6312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1986.

Decided Aug. 4, 1986.

Lori Miller, Kevin T. Wirsing, San Diego, Cal., for plaintiffs-appellees.

Michael Patrick Murry, San Diego, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, BOOCHEVER and HALL, Circuit Judges.

PER CURIAM:

Frank Agresti appeals the district court's judgment awarding appellees TNT Marketing, Inc. and Paul Simon, its president (jointly referred to as Simon), damages for Agresti's failure to comply with the terms of a district court judgment entered pursuant to the parties' stipulation.

Simon offers real estate investment lectures and sells written, audio, and video materials on the "Simon System of Equity Participation." Agresti is one of a group of individuals once associated with Simon who allegedly presented lectures and offered materials identical to Simon's after they left the Simon organization. Simon filed a complaint against Agresti and the others alleging a violation of RICO, 18 U.S.C. §§ 1961–68 (1982), and common law and state claims for wrongful misappropriation, unfair business practices and unfair competition. The complaint sought an injunction, damages, and attorney's fees.

The parties stipulated to a judgment issuing the permanent injunction requested in the complaint. The judgment required, *inter alia*, that defendants return all of Simon's products, objects, materials, notes, memoranda, manuals, drawings, videotapes and customer lists in their possession or under their control. It also provided that the prevailing party would be entitled to reasonable attorney's fees if "suit is brought to enforce or interpret any part of this stipulation or judgment." The district court entered a judgment pursuant to the stipulation.

Shortly thereafter Simon applied for an order requiring defendants to show cause why they should not be held in contempt for failing to comply with the judgment, and for other relief pursuant to Fed.R. Civ.P. 70. The district court entered the order. Agresti failed to appear and the district court issued a bench warrant for his arrest. He was arrested and posted bond. Simon waived further proceedings against the other defendants.

Agresti appeared before the district court to respond to an order to show cause

in connection with both the charge underlying the original order and the failure to appear. After hearing testimony from several witnesses, the court held that Agresti was not in contempt, but that he had not complied with the consent judgment and had converted plaintiffs' materials to his own use. The court entered judgment awarding Simon $49,000 in damages (apparently a rounded-off figure based on retention of 125 sets of Simon's materials valued at $395 each) plus attorney's fees of $10,828.50 and costs. Agresti appealed.

■ Agresti contends the district court lacked power to award damages because Fed. R. Civ. P. 70 does not authorize such a remedy. The district court had inherent power to enforce the agreement in settlement of litigation before it, *In re Suchy*, 786 F.2d 900, 902–03 (9th Cir.1985), subject to possible limitations not present here, *see United States v. Sparks*, 685 F.2d 1128, 1131 n. 3 (9th Cir.1982). The district court's enforcement power included authority to award damages for failure to comply with the settlement agreement. *Hobbs & Co. v. American Investors Management, Inc.*, 576 F.2d 29, 33 & n. 7 (3d Cir.1978); breach of the agreement entitled the non-breaching party to specific performance or an award of unliquidated damages, as appropriate. *Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C.Cir.1982); *see Hobbs*, 576 F.2d at 35, 36 n. 21.

■ Although the court normally exercises its enforcement power in response to a motion to enforce the agreement, it may do so in contempt proceedings for violation of a court order approving the settlement and commanding or enjoining particular conduct. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 n. 13 (8th Cir. 1984). The fact that the judgment was captioned "Judgment for Conversion of Property" does not obscure the fact clearly reflected in the body of the judgment that the damages were awarded, not for the tort of conversion, but for failure to comply with the consent judgment.

Agresti contends the settlement agreement authorized only injunctive relief. The agreement sets out the performance required of the defendants but is silent as to the remedies for breach. As we have already noted, settlement agreements may be specifically enforced, *see Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir.1982); but an award of damages is also an available remedy. *See Village of Kaktovik*, 689 F.2d at 230. Agresti did not argue below that the stipulation barred recovery of damages. We therefore do not reach that question.

■ Agresti argues that the award of attorney's fees was precluded because the application for an order to show cause did not constitute a "suit ... brought to enforce or interpret any part of this stipulation or judgment," as the settlement agreement provided. "The language of a settlement agreement must be construed literally in a straightforward manner...." *Air Line Stewards & Stewardesses Assoc. v. Trans World Airlines, Inc.*, 713 F.2d 319, 321 (7th Cir.1983). Words must be given their usual and ordinary meanings, and technical words their usual legal meanings. *Robin v. Sun Oil Co.*, 548 F.2d 554, 557 (5th Cir.1977). The term "suit" "applies to any proceeding by one person or persons against another or others in a court of justice in which the plaintiff pursues ... the remedy which the law affords him for the redress of an injury or the enforcement of a right, whether at law or in equity." Black's Law Dictionary 1603 (4th ed. 1968). An order to show cause proceeding initiated to obtain a remedy for Agresti's failure to comply with the settlement agreement is a "suit" under this definition.

Agresti argues that he was deprived of his right to a jury trial and to due process of law because he had no notice of potential liability for conversion. These arguments are based on the false premise that the district court awarded damages for the tort of conversion, rather than for breach of the settlement agreement.

■ However, there is merit in Agresti's contention that the order to show cause did not provide adequate notice of possible liability for damages as opposed to a fine for

contempt. The lack of such notice may have prejudiced Agresti. The amount of the damage was not adequately developed at the hearing. The issue addressed was whether Agresti had violated the stipulated agreement by retaining *some* materials, rather than the specific amount retained. The only evidence as to amount of material retained was testimony of a witness that he saw "about 15 to 17 boxes" in Agresti's office of the kind used to ship Simon's materials. The same witness testified that if the boxes were full they would contain about 125 sets of the materials, but explained on cross-examination that when he examined the contents of the boxes shortly before the hearing they contained only empty covers for the materials. Moreover, the evidence indicated sets of different types were sold for $295 and $395, but did not establish the category in which any retained sets may have fallen.

The award of attorney's fees is affirmed. The award of damages is vacated, and the case remanded for an evidentiary hearing on this issue after adequate notice. *See Hobbs,* 576 F.2d at 35, 36 n. 21, 37.

VACATED and REMANDED.