993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matt T. KOKKONEN, Plaintiff-Appellant,
v.
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; the Guardian
Insurance and Annuity Corporation; the Guardian
Investor Services Corporation, Defendant-Appellee.
 No. 92-16628.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matt T. Kokkonen appeals from the district court's order enforcing a settlement agreement between Kokkonen and the Guardian Life Insurance Co. Kokkonen contends that the district court lacked subject-matter jurisdiction to issue an order enforcing the settlement agreement because (1) the action was no longer pending before the court at the time it issued the order, (2) the agreement was not incorporated into the order of the court disposing the action, and (3) the court neither explicitly retained jurisdiction nor has an independent basis for jurisdiction to enforce the agreement. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The existence of subject-matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 A district court has the "inherent power summarily to enforce a settlement agreement with respect to an action pending before it.... The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir.1978) (citations omitted); Wilkinson v. Federal Bureau of Investigation, 922 F.2d 555, 557 (9th Cir.1991). Thus, the district court may, following its dismissal of an action pursuant to a settlement agreement, enter a subsequent order enforcing the terms of the agreement. See Wilkinson, 922 F.2d at 557.
 
 
 5
 Here, Kokkonen filed the present action in April, 1991 alleging claims arising out of the termination of his agent's contract with defendant Guardian Life Insurance Company (Guardian) and two other defendants who were dismissed pursuant to stipulation. Guardian filed a cross-complaint against Kokkonen. The action was tried before a jury. Following closing arguments but before the district court instructed the jury, Kokkonen sought a settlement dismissing his action and Guardian's cross-claims with prejudice. An oral agreement requiring Kokkonen to provide Guardian with certain documents and dismissing the claims and counter-claims between the parties was stated in its entirety on the record before the district court in chambers. On April 13, 1992, the court entered a Stipulation and Order of Dismissal with Prejudice pursuant to the terms of the settlement agreement.
 
 
 6
 On May 21, 1992, Guardian filed a motion in district court to enforce the settlement agreement against Kokkonen claiming that Kokkonen had failed to produce the required documents and otherwise failed to comply with the terms of the agreement. Following a hearing on the motion, the district court issued an order enforcing the agreement against Kokkonen and ordering him to pay Guardian its fees and cost incurred in filing the motion to enforce the agreement.
 
 
 7
 Despite Kokkonen's arguments to the contrary, our holding in Wilkinson is dispositive of the issue of the district court's jurisdiction to enter an enforcement order, the sole issue in this appeal. In Wilkinson, the district court dismissed the plaintiff's action pursuant to a settlement agreement. The agreement in that case called for release of the plaintiff's claims against the defendant in exchange for the defendant's production of certain documents. Two months after dismissal of the action, the plaintiff filed a motion to enforce the settlement agreement alleging that the defendant failed to produce documents as required by the agreement. The district court denied the motion, and the plaintiff appealed. In affirming the district court's decision, we expressly held that the "district court had jurisdiction to decide the motion[ ] under its inherent supervisory power." 922 F.2d at 557. Similarly here, the district court properly assumed jurisdiction to decide Guardian's post-judgment motion. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellee's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3