**MET LABORATORIES, INC.**

v.

**Robert B. REICH, Secretary Department of Labor, et al.**

**Civ. No. Y–94–99.**

United States District Court,
D. Maryland.

Feb. 3, 1995.

---

Nancy E. Paige, Baltimore, MD, for plaintiff.

Lynne A. Battaglia, Esquire, Baltimore, MD, Allen F. Loucks, Esquire, Baltimore, MD, and Bruce Justh, Washington, DC, for defendant.

Joel S. Rubenstein, Washington, DC, for Intervenor Underwriters Laboratories, Inc.

*MEMORANDUM OPINION*

JOSEPH H. YOUNG, Senior District Judge.

This action arises out of a settlement agreement reached by Met Laboratories Inc. ("MET"), and the Occupational Safety and Health Administration ("OSHA") of the Department of Labor ("DOL"). MET filed suit seeking to enforce the terms of that agreement, and the parties and intervenor Underwriters Laboratories, Inc. ("UL") filed cross-motions for summary judgment.

MET, UL, and Factory Mutual Research Corporation ("FM") are in the business of testing electrical and other business and consumer equipment. Each of the companies is now certified by DOL as a nationally recognized testing laboratory ("NRTL"), a designation which allows these companies to provide inspection and other services required by occupational safety regulations. In 1973, DOL promulgated regulations pursuant to the Occupational Safety and Health Act intended to establish procedures for the certification of NRTLs, but the regulations were never implemented. DOL did issue general standards governing the testing of equipment and in those standards suggested that such work could only be done by UL and FM.

MET filed suit in 1982 alleging violation of its equal protection, due process, and statutory rights and seeking to force DOL to implement workable NRTL accreditation procedures and to eliminate the provisions suggesting that UL and FM were uniquely qualified as NRTLs. The parties reached a settlement in which DOL agreed to delete references to UL and FM and to establish procedures by which other laboratories could obtain recognition as NRTLs. The Court incorporated the agreement into its Orders of May 25, 1983 and July 23, 1983 disposing of the case. DOL did not establish such procedures, however, and MET filed suit again in 1987 seeking to enforce the terms of the settlement. Subsequently, the Court in its Order of December 8, 1987 directed DOL to complete the rulemaking process within 120 days.

Thereafter, DOL deleted all existing references to UL and FM, and it created a frame-work for certifying other labs in 29 C.F.R. § 1910.1 et seq. MET subsequently was accredited as an NRTL. To avoid the disruption of having no NRTLs while the various labs' applications were being evaluated the regulations designated UL and FM by name as NRTLs and stated that those labs would be temporarily recognized as such until July, 1993. The regulations further allowed UL and FM to continue to be recognized as NRTLs, pending final review, if they requested renewal nine months before the expiration of their temporary certification. FM and UL timely filed in the fall of 1992. No final decision on their renewal application has been reached, and thus they continue to be recognized as NRTLs.

MET has filed a motion for summary judgment seeking injunctive relief, alleging that DOL has violated the settlement agreement "by failing to eliminate references to UL and FM in 29 C.F.R. Part 1910, and ... by extending, indefinitely, the temporary recognition of UL and FM created by references to those entities in the Appendix to Part 1910." MET asks the Court to declare that the reference to UL and FM contained in 29 C.F.R. § 1910.7, naming them as temporarily-certified NRTLs, is invalid as a violation of the settlement agreement and should be stricken from the regulations. MET also asks the Court to find that the delay in the evaluation of UL and FM and the continuation of their temporary status as NRTLs is also violative of the settlement agreement as well as MET's due process and equal protection rights. Finally, it asks the Court to order DOL to notify all potentially interested parties that, in essence, MET is a fully and equally qualified NRTL.

DOL and UL have also filed motions for summary judgment, asserting that MET is not entitled to injunctive relief. The Court has the authority to summarily enforce the terms of a settlement agreement. *Petty v. Timken,* 849 F.2d 130, 132 (4th Cir.1988). Further, the meaning of the settlement agreement must be discerned, as with any contract, first by looking within the four corners of the document. *Macke Laundry Service v. Alleco,* 743 F.Supp. 382, 384 (D.Md. 1989). Finding that the meaning of the con-

tract is clear, and that no other material factual disputes exist, the Court will resolve the matter summarily. *See, Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ DOL has offered a number of alternative bases in support of its contention that MET is not entitled to equitable relief.[1] First, DOL argues that the Court lacks jurisdiction to consider the complaint because the regulation in question is a standard which, pursuant to 29 U.S.C. § 655(f), can only be challenged in the Circuit Court of Appeals. As this court has already ruled, however, and as recently emphasized by the United States Supreme Court in *Kokkonen v. Guardian Life Insurance,* —— U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), a district court retains jurisdiction over a settlement agreement incorporated into a court order. A federal agency cannot avoid the requirements of a settlement agreement into which it has entered merely by enshrining the violation in a published standard. The Court has jurisdiction to consider both the legality of the standard in question and the implementation of that standard by DOL. *See, Wilkinson v. Federal Bureau of Investigation,* 922 F.2d 555, 559 (9th Cir.1991) (holding that the judge presiding over settlement is in the best position to construe the agreement).

■ DOL next claims that there is no evidence in the record that MET has suffered any competitive disadvantage as a result of DOL's actions and that MET's claim based upon disadvantage must be dismissed. MET responds that the basis of this suit is not competitive disadvantage *per se,* but rather the enforcement of a settlement agreement which was intended to address that harm. Indeed, DOL conceded in the agreement that "anti-competitive effects ... [had been] unintentionally created." When it signed the agreement, DOL essentially waived its right to subsequently challenge the merits of MET's claims underlying the settlement. *See, Consolidated Gas Supply v. Federal Energy Regulatory Commission,*

745 F.2d 281, 283–84 (4th Cir.1984). While evidence of disadvantage would have been necessary to prove damages resulting from a breach of the agreement, such evidence is not necessary to prove the existence of a breach or entitlement to equitable relief.

■ DOL also claims that MET has not proven that the regulations in dispute are not rationally related to a legitimate governmental interest and that MET's constitutional claims must be stricken. The constitutional issues, however, like the issue of competitive disadvantage, are no longer independently subject to adjudication by the Court. MET's due process and equal protection claims were incorporated into the settlement agreement. By agreeing to the settlement, MET waived any constitutional claims it may have had and those claims are dismissed.

Finally, DOL and MET seek summary judgment based on the merits of the case. Each contends that they are entitled to favorable judgment on MET's claims that DOL violated the settlement agreement by issuing a regulation making reference to UL and FM and by continuing temporary recognition of UL and FM as NRTLs.

■ The settlement agreement specifically provides for "deletion of references to UL and FM wherever these terms appear in 29 C.F.R. Part 1910." DOL concedes that the insertion of a new reference to UL and FM in the regulations pertaining to temporary recognition may have been a violation of the literal language of the agreement. DOL argues, however, that informing the public of UL and FM's temporary status was nonetheless essential to avoid a period of uncertainty as to where an employer could turn to comply with regulations requiring the use of NRTLs. DOL now asserts that, even if this justification is or was invalid, MET is barred by waiver or laches from bringing a claim because MET knew about the disputed language when the regulations were published in 1988.

MET agrees that some period of temporary recognition, during which labs were to

---

1. DOL moves for judgment on the issue of money damages on procedural grounds as well. MET has dropped any claim for damages and the claim is therefore dismissed. This opinion also renders UL's motion for summary judgment moot.

be evaluated, was probably necessary and that reference to UL and FM in the regulations may have been appropriate for that period. The Court will not bar MET from raising its claim now that the transition period described by the regulations has ended. To hold otherwise would be to punish a wronged party for allowing a reasonable period of time for the undoing of the wrong. Had MET protested at the time, DOL certainly would have claimed that some reference was temporarily necessary and urged the Court to allow it. MET did not wait an unreasonably long time to challenge the continued reference to UL and FM in 29 C.F.R. § 1910.

■ DOL further argues that inclusion of the reference was at most an immaterial breach and thus not actionable. That assertion is belied by the settlement agreement itself, however, as the requirement of deletion of *all* references is the first provision of the settlement agreement. *See, Schneider v. Dumbarton Developers,* 767 F.2d 1007, 1013 (D.C.Cir.1985) (noting that a determination of materiality requires consideration of the parties intent as evidenced, in part, by any writings). MET bargained for, and DOL acceded to, elimination of all references to avoid appearances of governmental preference, and it would be inappropriate for the Court to second-guess the obvious significance of that term of the deal to MET. Elimination of all references is not an immaterial term of the agreement, and the presence of one reference is not immaterial in light of the language of the agreement. Therefore, the Court will order DOL to delete any and all references to UL and FM in the relevant sections.

■ MET's second claim is that DOL's continuation of the temporary certification of UL and FM is violative of the settlement agreement. As noted, MET has conceded that some temporary recognition was necessary, and it has not challenged the validity of the regulation itself. Rather, DOL's failure to complete a review of UL and FM's applications is at issue.

DOL argues that the procedures adopted, especially those pertaining to automatic extension of temporary recognition pending review of a renewal application, are not specifically proscribed by the terms of the agreement. Thus, DOL asserts, MET cannot now challenge the validity of the automatic extension provision even though MET may believe that the provision perpetuates competitive disadvantage.

The settlement agreement does include a provision requiring that "any amendment to 29 C.F.R. Part 1907 or Part 1910 which result from the above rulemaking shall be expeditiously implemented by OSHA, without unreasonable delay." The Court accepts DOL's contention that it has been working on the applications for renewal and that it does not wish to rush recognition and thereby risk the possibility that unsafe or otherwise inadequate practices may be approved. It is also clear from internal documents in the record that DOL had intended to have completed the application process by now, but that matters proceeded more slowly than expected. It is also reasonable for DOL to have acted on the applications of MET and others prior to those of UL and FM so that potential competitors could enter the market as quickly as possible. The Court does not find that the delay has been so unreasonable that UL and FM should be stripped of their status as NRTLs pending review of their applications for renewal. *See, Evergreen Amusement v. Milstead,* 206 Md. 610, 617, 112 A.2d 901 (1955) (noting that it is left to the courts to determine a reasonable time for performance when a contract is silent). However, the Court will order DOL to complete the review process as expeditiously as possible.

Alternatively, the Court is concerned with those new facilities or new services introduced by UL or FM during this period of temporary recognition. MET's certification as an NRTL is limited to facilities and categories of equipment specifically evaluated and recognized. MET must submit a new application if it wishes to expand categories or facilities, and must abide by other stated requirements if it wishes to alter its testing standards or other internal procedures.

UL and FM are presently free to expand services while they await final review. Al-

lowing UL and FM to do so during the period of temporary recognition not only runs counter to the express intent of the parties, but also impedes DOL's ability to proceed expeditiously because it must review additional activities as well. Such a delay is clearly unreasonable and thus a violation of the settlement agreement. Therefore, the Court will order that temporary recognition not be extended to any new facility or service of UL or FM that, if done by another NRTL, would require further application.

The Court will retain jurisdiction to ensure that DOL does proceed expeditiously.

SO ORDERED.

### ORDER

In accordance with the attached Memorandum, it is this 3rd day of February, 1995, by the United States District Court for the District of Maryland, ORDERED

1. That Plaintiff's Motion for Partial Summary Judgment BE, and the same IS, hereby GRANTED in part and DENIED in part;

2. That Defendants' Motions for Summary Judgment BE, and the same ARE, hereby GRANTED in part and DENIED in part;

3. That Plaintiff's claim for damages BE, and the same IS, DISMISSED;

4. That Defendant Department of Labor is Ordered to remove all references to UL and FM from regulations or standards, expedite review of UL and FM's application for certification, and deny temporary certification to any new procedures or facilities of UL or FM; and

5. That a copy of this Memorandum and Order be mailed to counsel for the parties.