**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SECURITIES AND EXCHANGE
COMMISSION,
                    *Plaintiff-Appellee,*

HAROLD P. GEWERTER,
                    *Objector-Appellant,*

            v.

CMKM DIAMONDS, INC.; 1ST
GLOBAL STOCK TRANSFER LLC;
HELEN BAGLEY; SERGEY
RUMYANTSEV; BRIAN DVORAK,
                    *Defendants.*

No. 10-16384

D.C. No.
2:08-cv-00437-
LRH-RJJ

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
June 14, 2011—San Francisco, California

Filed August 26, 2011

Before: Mary M. Schroeder and Carlos T. Bea,
Circuit Judges, and Michael M. Anello, District Judge.*

Opinion by Judge Schroeder

---

*The Honorable Michael M. Anello, District Judge for the United States District Court for the Southern District of California, sitting by designation.

## COUNSEL

Karen J. Shimp, Washington, D.C., for plaintiff-appellee Securities & Exchange Commission.

Harold P. Gewerter, Las Vegas, Nevada, pro se.

## OPINION

SCHROEDER, Circuit Judge:

This is an appeal by Harold Gewerter, a Nevada attorney, seeking review of the Nevada district court's order denying

his motion to quash a subpoena for bank records of his client trust account. The district court concluded that it did not have the authority to consider Gewerter's motion since the subpoena was issued by another district court. We hold that we have jurisdiction over this appeal in the circumstances of this case, because the bank has no incentive to disobey the subpoena and force an otherwise appealable contempt order. We affirm the district court, because it correctly interpreted the provisions of Rule 45 of the Federal Rules of Civil Procedure governing issuance and quashing of subpoenas.

## I.   Factual and Procedural Background

In April 2008, the Securities and Exchange Commission ("SEC") filed a civil action in the United States District Court for the District of Nevada against several defendants, including an individual named John Edwards, alleging that they had violated federal securities laws. In June 2009, the Nevada district court entered a final judgment in favor of the SEC and ordered Edwards to pay nearly $55 million in disgorgement, civil penalties, and prejudgment interest. Edwards did not comply with the district court's order.

In its efforts to collect the judgment against Edwards, the SEC discovered that in May 2008, Edwards had wired $25,000 to the client trust account of Harold P. Gewerter, Esq. Ltd., Gewerter's law firm, which had represented Edwards in earlier, unrelated matters. The trust account was maintained in Nevada at the Bank of the West.

On January 12, 2010, the SEC served a subpoena on Bank of the West for all records related to Gewerter's client trust account, from January 1, 2008 to the date of the subpoena. Because Bank of the West is headquartered in northern California, the SEC had the United States District Court for the Northern District of California issue the subpoena. Gewerter, who lives and practices in Nevada, filed a motion to quash the subpoena in the Nevada district court, arguing that the sub-

poena was overly broad, oppressive, and unduly burdensome, because the trust account records the subpoena sought included records related to clients other than Edwards. The Nevada district court denied Gewerter's motion to quash without prejudice, concluding that under Federal Rule of Civil Procedure 45(c)(3) it had no authority to quash a subpoena that was issued by a court in another district. Gewerter appeals.

## II. Appellate Jurisdiction

**[1]** The SEC argues that we lack jurisdiction to consider Gewerter's appeal. Generally, we may review a discovery order only when the subpoenaed party has refused to comply with the order and appeals the resulting contempt citation. *See United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010). When a discovery order is directed at a disinterested third-party, however, the order is appealable. This is because a disinterested third-party, like the bank in this case, would normally have no real stake in the outcome of the proceeding. It therefore would not risk a contempt citation, which would otherwise secure an opportunity for a party affected by the subpoena to appeal. *See United States v. Ryan*, 402 U.S. 530, 533 (1971) (citing *Perlman v. United States*, 247 U.S. 7, 12-13 (1918)). *See also Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11 (1992) ("[A] discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance.").

**[2]** In this case, Bank of the West, the subpoenaed party, is a disinterested third-party custodian of records. As a disinterested third-party, Bank of the West cannot be expected to risk contempt in order to create an opportunity for Gewerter to appeal. Gewerter therefore cannot rely on the contempt process to obtain review of the district court's order denying his motion to quash. We have previously held that an interloc-

utory appeal in a discovery matter is available when the contempt process is unavailable. *See Wilkinson v. FBI*, 922 F.2d 555, 558 (9th Cir. 1991) (holding that an order denying a post-judgment discovery motion is appealable, because a litigant dissatisfied with such an order "cannot rely on the contempt process to provide an opportunity for appeal"). Accordingly, in order to prevent the SEC from obtaining records relating to his trust account, Gewerter must be permitted to seek immediate review of the district court's order denying his motion to quash. Otherwise he would be *"power-less to avert the mischief of the order." See Ryan*, 402 U.S. at 533.

## III.  The Merits of the Appeal

We now turn to whether the Nevada district court erred in ruling it lacked authority to quash the subpoena issued by the California district court. This is an issue of first impression for this Court.

**[3]** Federal Rule of Civil Procedure 45(c)(3) governs when a court may or must quash or modify a subpoena. It specifically refers to the "issuing court." Prior to the 1991 amendments, Rule 45(b) provided that "the court" may quash or modify a subpoena. Fed. R. Civ. P. 45(b) (1990). It did not specifically identify which court.

**[4]** Amendments, which became effective December 1, 1991, however clarified that a motion to quash or modify a subpoena should be decided by "the court by which a subpoena was issued." Fed. R. Civ. P. 45(c)(3)(A) (1992). The 1991 amendments also clarified that one court could issue a subpoena while the underlying action was pending in another court. Rule 45(a), as amended, required every subpoena to "state the name of the court from which it issued; and state the title of the action, the name of the court in which it is pending, and its civil action number . . ." Fed. R. Civ. P. 45(a)(1)(A), (B) (1992). The rule also provided for sanctions to be

imposed by "[t]he court on behalf of which the subpoena was issued." Fed. R. Civ. P. 45(c)(1) (1992). Similarly, the authority to hold a party in contempt rested in "the court from which the subpoena was issued." Fed. R. Civ. P. 45(e) (1992).

The current version of Rule 45 simplifies the language, and even more clearly provides that a motion to quash or modify a subpoena should be adjudicated by the court that issued the subpoena, i.e., "the issuing court." Federal Rules of Civil Procedure Rule 45(c) provides, in pertinent part:

> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
>
> **(2)** *Command to Produce Materials or Permit Inspection.*
>
> > (A) *Appearance Not Required.* . . .
> >
> > (B) *Objections.* . . .
> >
> > > (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection. . . .
>
> **(3)** *Quashing or Modifying a Subpoena.*
>
> > (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena. . . .

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena. . . .

Fed. R. Civ. P. 45(c) (2011). Rule 45 also gives the issuing court contempt power. *See* Fed. R. Civ. P. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").

**[5]** On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena. Our holding is consistent with the decisions of two other Circuits that have decided this issue. *See In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991) (holding that the South Dakota district court, where the underlying action was pending, did not have jurisdiction to rule on the objections to a subpoena issued by the Oregon district court); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (noting that "[s]ubpoenas are process of the issuing court, . . . and nothing in the Rules even hints that any other court may be given the power to quash or enforce them" (citations omitted)).

**[6]** We now join the Eighth and the D.C. Circuits and hold that the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas under Rule 45 of the Federal Rules of Civil Procedure. Because the District Court for the Northern District of California issued the subpoena, the District Court for the District of Nevada did not err in deciding that it lacked jurisdiction to consider Gewerter's motion to quash. We therefore affirm the district court's denial without prejudice of Gewerter's motion.

**AFFIRMED**.