NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA M. OSTELLA; LISA LIBERI, | No.    18-56652 |
| Plaintiffs-Appellants, | D.C. No. 8:11-cv-00485-AG-RAO |
| v. | |
| ORLY TAITZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 14, 2020**
Pasadena, California

Before:  BYBEE and COLLINS, Circuit Judges, and MOSKOWITZ,*** District
Judge.

Appellants Lisa Ostella and Lisa Liberi appeal the district court's orders

granting summary judgment for Appellee Orly Taitz, denying Liberi's request to

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

file a new complaint against Taitz and related entities (collectively "Appellees"), and denying Appellants' motions for reconsideration. We affirm the district court.[1]

The following are the applicable standards of review. Grants of summary judgment and questions of law are reviewed de novo. *Morton v. De Oliveira*, 984 F.2d 289, 290 (9th Cir. 1993). A district court's supervision of the pretrial phase of litigation is reviewed for abuse of discretion, *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985), as are denials of Rule 59(e) and Rule 60(b) motions, *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006). We also apply abuse of discretion review to the court's denial of Liberi's request to file a new complaint. *Cf. Miller*, 758 F.2d at 369; *Crowley v. Boothe*, 648 Fed. App'x 733, 734 (9th Cir. 2016) (mem.).

### 1. Ostella's Appeal

After Ostella and Taitz agreed to resolve the case on its merits through cross-motions for summary judgment, the district court granted Taitz's motion, denied Ostella's, and entered judgment for Taitz and against Ostella. Ostella appeals this order, the related judgment, and matters related to them.

First, under the law of the case, Ostella was required to prove malice in her

---

[1] Given our decision here, Appellants' joint motion to strike portions of Appellees' declarations (Docket Entry No. 98) is denied as moot.

defamation and false light invasion of privacy claims because the speech at issue was of public importance.[2] *Liberi v. Taitz*, 647 Fed. App'x 794, 796 (9th Cir. 2016) (mem.) (citing *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 262 (9th Cir. 2013)); *Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). We agree with the district court that Ostella failed to present sufficient evidence to establish that Taitz acted with malice. The undisputed evidence confirms that there were difficulties with PayPal donations on the website during the time that Ostella managed it and that Ostella thereafter operated a similarly named website with a PayPal script linked to Ostella. Whether or not Taitz was ultimately correct in suspecting nefarious conduct, Ostella failed to show that Taitz knew that her suspicions were unfounded or that she acted with reckless disregard of whether they were false. And as to Ostella's contention that Taitz defamed her by falsely telling the Orange County Sheriff's Department that Ostella had a criminal record, any such report would be privileged under California Civil Code section 47(b), *see*

---

[2] Citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001), the district court granted summary judgment in Taitz's favor on Ostella's appropriation-of-name privacy claim on the ground that she had failed to present sufficient evidence to establish a "direct connection between the alleged use and the commercial purpose." Because Ostella's opening brief fails to explain why this independent ground for dismissing that claim is wrong, we deem the issue forfeited. *See Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir. 2009).

*Hagberg v. Cal. Fed. Bank FSB*, 81 P.3d 244, 251 (Cal. 2004), and the relevant section of Ostella's opening brief fails to cite any evidence that supports its assertion that this statement was also made by Taitz on the internet.

Second, the district court followed the plain language of its order setting forth guidelines for the cross-motions for summary judgment. Finally, we find no manifest injustice and no error in the district court's denial of Ostella's motion under Rules 59 and 60. We see no basis to reverse the district court's judgment for Taitz.

## 2. Liberi's Appeal

Because Liberi did not challenge below the district court's order requiring leave of court before filing any documents in this particular civil action, any contention that the court's denial of such leave here resulted in a denial of Liberi's access to the courts has been forfeited and cannot be raised for the first time on appeal. *In re Mortg. Elec. Reg. Sys., Inc.*, 754 F.3d at 780. The only issue properly before us is whether the district court abused its discretion in denying Liberi's request for leave to file, in this action, a new complaint that both resurrected her previously dismissed claims and added new claims based on alleged breaches of the settlement agreement. The district court did not abuse its discretion. After Liberi settled her claims with Appellees, the district court granted the parties' joint stipulation to dismiss those claims with prejudice. In its order of

dismissal, the district court permissibly retained jurisdiction to enforce the settlement agreement between Liberi and Appellees. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). This permitted the district court to enforce the agreement by ordering specific performance, Fed. R. Civ. P. 70(a), holding a party in contempt, *id.* 70(e), or awarding damages for failure to comply, *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). The district court acted within its discretion in concluding that, in light of the existing adverse judgment against her in this action, Liberi's proposed complaint was procedurally improper. The court expressly did not foreclose consideration of a proper motion to enforce the settlement, and the court did not err in concluding that it did not have that issue properly before it. Nor do we construe the court's ruling to have foreclosed a properly supported motion to set aside the judgment and to rescind the settlement agreement. We decline to issue a writ of mandamus ordering the district court to permit the improper filing Liberi presented.

Liberi's appeal is denied but her access to the courts is not. She remains free to properly file a motion to enforce the settlement agreement with the district court.

In view of our affirmance of the district court's orders, Appellants' request for reassignment to a new judge is moot. In any event, we find no basis for reasonably questioning the district judge's impartiality.

**AFFIRMED.**