76 F.3d 37
 69 Fair Empl.Prac.Cas. (BNA) 1345,
67 Empl. Prac. Dec. P 43,896, 34 Fed.R.Serv.3d 395,
107 Ed. Law Rep. 38
 Joseph V. SCELSA, Individually and as Director of the John
D. Calandra Italian American Institute of the City
University of New York, Plaintiff-Appellant,
v.
CITY UNIVERSITY OF NEW YORK and W. Ann Reynolds,
individually and as Chancellor of the City
University of New York, Defendants-Appellees.
 No. 1063, Docket 95-7975.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 4, 1995.
Decided Jan. 25, 1996.
 
 Howard R. Birnbach, Great Neck, NY (Culleton, Marinaccio & Foglia, of counsel), for Plaintiff-Appellant.
 A. Leon Higginbotham, Jr., New York City (Paul, Weiss, Rifkind, Wharton & Garrison, Steven B. Rosenfeld, Stuart M. Cobert, and Anthony B. Radin, of counsel), for Defendants-Appellees.
 Before: NEWMAN, Chief Judge, FEINBERG and CARDAMONE, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 Plaintiff Joseph V. Scelsa, individually and as Director of the John D. Calandra Italian American Institute (the Institute) of the City University of New York (CUNY), appeals from an order of the United States District Court for the Southern District of New York (Constance Baker Motley, J.). The order denied, for lack of subject matter jurisdiction, Scelsa's motion for a preliminary injunction enforcing a settlement agreement previously executed by Scelsa, CUNY and others. We conclude that the recent Supreme Court decision in Kokkonen v. Guardian Life Ins. Co., --- U.S. ----, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), controls the disposition of this appeal. Since the requirements of Kokkonen for retention of district court jurisdiction over a settlement agreement were not met, we affirm the decision of the district court.
 
 I. Background
 
 2
 The background to this appeal is extensive. In September 1992, plaintiff brought a civil rights action in the district court against defendants CUNY and W. Ann Reynolds, individually and as Chancellor of CUNY. Plaintiff also moved for a preliminary injunction. Plaintiff alleged that defendants had discriminated for many years against Italian-Americans in CUNY's employment practices. Plaintiff also claimed that, in retaliation for having filed a complaint with the United States Department of Labor, defendants stripped him of his authority as Director of the Institute and transferred the Institute's programs to other CUNY sites.
 
 
 3
 In November 1992, after several days of evidentiary hearings, Judge Motley ruled for plaintiff and preliminarily enjoined defendants from discriminating against Italian-Americans, removing plaintiff from his position as Director of the Institute and transferring the Institute to another location. The judge's thorough opinion is reported at 806 F.Supp. 1126.
 
 
 4
 Defendants appealed to this court, but before the appeal was heard, defendants asked this court to remand in light of new evidence. In May 1993, in response to that request, this court directed defendants to ask the district court to "indicate whether it wish[ed] to have its jurisdiction restored." In June 1993, in a memorandum opinion, the district court stated that it did not wish to have its jurisdiction restored because its original decision rested on grounds independent of those on which the new evidence would be offered. In July 1993, this court then denied defendants' motion to remand.
 
 
 5
 Thereafter, a settlement agreement (the Agreement), dated as of January 7, 1994, was reached among plaintiff, defendants and others. The Agreement was 22 pages long and contained 29 separate paragraphs. Annexed to it were eight exhibits covering such matters as the qualifications for a Distinguished Professor of Italian-American Studies, the appointment and tenure procedures used by CUNY with respect to instructional staff and the withdrawal of complaints of discrimination filed with the Department of Labor. The Agreement was signed not only by plaintiff and defendants but also by the President of Queens College, the New York State Department of Education and the Italian-American Legal Defense and Higher Education Fund, Inc. It provided, among other things, that plaintiff would discontinue with prejudice his action then pending in the district court and that the complaints that had been filed with the Department of Labor by plaintiff and others would be withdrawn with prejudice and submitted to arbitration.
 
 
 6
 In February 1994, the district court ordered plaintiff's action dismissed upon a stipulation of the parties (the Dismissal Order). The stipulation, which was approved by the judge with the customary "SO ORDERED," provided in full, as follows:
 
 
 7
 IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties, that the above-captioned action is dismissed with prejudice and without costs to any party, except as set forth in the Settlement Agreement among the parties dated January 7, 1994.
 
 
 8
 Some 16 months later, in June 1995, plaintiff moved in the district court for a preliminary injunction to enforce the Agreement. Plaintiff did not seek to reopen his original suit, but asked for an order requiring defendants to comply with certain provisions of the Agreement. Specifically, plaintiff sought an order compelling defendants to arbitrate the merits of 19 of the claims that had previously been filed with the Department of Labor, to establish the Institute as a research institute in accordance with CUNY guidelines, to develop a faculty and staff utilization analysis and to establish a panel of experts to review and report on the adequacy of the representation of Italian-Americans at CUNY.
 
 
 9
 In September 1995, Judge Motley dismissed the motion for lack of subject matter jurisdiction. Citing Kokkonen, the judge stated:
 
 
 10
 Absent an independent basis of subject matter jurisdiction, federal courts exert continuing jurisdiction to enforce settlement agreements in two situations: (1) where the prior order of dismissal contains an express provision retaining the district court's jurisdiction over the settlement agreement, and (2) where the order dismissing the suit specifically incorporates the terms of the settlement agreement as an operative part of the order.
 
 
 11
 Judge Motley then held that the Dismissal Order had neither included an express provision retaining jurisdiction nor explicitly incorporated the terms of the Agreement. Since there was no independent basis for jurisdiction over the Agreement, the judge denied the motion.
 
 
 12
 This appeal followed.
 
 II. Discussion
 
 13
 We review de novo a determination of subject matter jurisdiction as a matter of law. In re Vogel Van & Storage, Inc., 59 F.3d 9, 11 (2d Cir.1995). Plaintiff, who is seeking to invoke the subject matter jurisdiction of the district court, bears the burden of showing that he was properly before that court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994).
 
 
 14
 Plaintiff alleges that his motion for enforcement of the Agreement, which provided the basis for dismissal of his first federal action, comes within the jurisdiction of the district court. The principal hurdle plaintiff faces, as the district court correctly noted, is Kokkonen. In that case, the Supreme Court held that "[e]nforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." --- U.S. at ---- - ----, 114 S.Ct. at 1675-76. In the absence of such an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement. Id. at ----, 114 S.Ct. at 1677. Absent some action making a settlement agreement part of a dismissal order or some other, independent basis for jurisdiction, enforcement of a settlement agreement is for the state courts. Id.
 
 A. Applicability of Kokkonen
 
 15
 Plaintiff argues that since Kokkonen was decided after the Dismissal Order, that decision does not apply here. This claim is without merit. Federal courts have regularly applied Kokkonen to stipulations and settlement agreements executed before it was decided. See, e.g., Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir.1995); Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir.1995); Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995); Lucille v. City of Chicago, 31 F.3d 546, 548 (7th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995). It is true that in none of these cases was the question of retroactivity discussed or, apparently, even raised. In each case, however, it is clear that Kokkonen was applied retroactively. The lack of discussion on the issue is explainable by each court's knowledge of the principle that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice...." Bradley v. Richmond School Board, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).
 
 
 16
 There is no injustice in applying Kokkonen in this case. Plaintiff has only chosen the wrong forum; there are remedies available in New York State courts. A contract action may be brought to enforce the Agreement. A state court may compel arbitration under N.Y.Civ.Prac.L. & R. § 7503(a) if, as plaintiff argues, defendants are refusing to arbitrate in violation of the Agreement, and a state court may vacate or modify the arbitration award once it is rendered. N.Y.Civ.Prac.L. & R. § 7511.
 
 
 17
 In addition, the doctrine expressed in Kokkonen is not a new one. Although Kokkonen reversed a ruling of the Ninth Circuit, Kokkonen v. Guardian Life Ins. Co., No. 92-16628, 1993 WL 164884 (9th Cir. May 18, 1993), the majority of circuit courts that had addressed the issue prior to the Supreme Court's decision had held that a district court did not have jurisdiction to enforce a settlement, after a case had been dismissed, where the court had not manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal. See, e.g., Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir.1993); United Steelworkers of America v. Libby, McNeill & Libby, Inc., 895 F.2d 421, 423-24 (7th Cir.1990); Adduono v. World Hockey Ass'n, 824 F.2d 617, 621-22 (8th Cir.1987). The Second Circuit had not directly addressed the issue, but the district courts in the circuit generally did not exercise jurisdiction in these circumstances. See, e.g., Rolex Watch, U.S.A., Inc. v. Bulova Watch Co., 820 F.Supp. 60, 62-63 (E.D.N.Y.1993); Musifilm, B.V. v. Spector, 568 F.Supp. 578, 580-81 (S.D.N.Y.1983); cf. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir.1974); Ryan v. Dow Chemical Co., 781 F.Supp. 902, 915-16 (E.D.N.Y.1991), aff'd, 996 F.2d 1425 (2d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1125, 1126, 127 L.Ed.2d 434 (1994).
 
 
 18
 Accordingly, Kokkonen applies here.
 
 B. Jurisdiction
 
 19
 Under Kokkonen, the district court had jurisdiction in this case only if the Dismissal Order expressly reserved authority to enforce the Agreement, or incorporated the Agreement into the order. The Dismissal Order provided that the
 
 
 20
 ... action is dismissed with prejudice and without costs to any party, except as set forth in the Settlement Agreement....
 
 
 21
 Plaintiff says that the phrase "except as set forth in the Settlement Agreement" modifies the phrase "dismissed with prejudice," thus in effect incorporating the Agreement into the order and providing a basis for jurisdiction. The district court, however, held that the phrase "modifies not the dismissal of the action, but the phrase 'without costs to any party,' " thereby allowing plaintiff's attorney to receive the $416,710.99 in attorneys' fees provided for in the Agreement.
 
 
 22
 We agree with the district court that it did not have jurisdiction to enforce the Agreement. First, and most importantly, the Dismissal Order neither expressly retains jurisdiction over the Agreement nor incorporates its terms. The mere reference in the order to the Agreement does not incorporate the Agreement into the order. Miener, 62 F.3d at 1128. Second, the phrase "except as set forth in the Settlement Agreement" could not have meant that the court would retain jurisdiction over the entire Agreement when the court did not have the Agreement before it, and many of the terms of this complex and wide-ranging Agreement concerned matters and parties not before the court.[1] The Dismissal Order is not ambiguous in this regard. The fact that the parties in this case disagree as to its interpretation does not require a finding of ambiguity that might create a fact issue if disputed extrinsic evidence of the parties' intent existed. "The court is not required to find the language ambiguous where the interpretation urged by one party would 'strain[ ] the contract language beyond its reasonable and ordinary meaning.' " Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir.1989) (alteration in original) (quoting Bethlehem Steel Co. v. Turner Construction Co., 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 141 N.E.2d 590 (1957)).
 
 
 23
 Third, although the Dismissal Order was drafted by the parties and stipulated to, it was not simply a stipulation or contract between them. When Judge Motley "so ordered" the dismissal, the document became an order of the district court. The judge therefore was construing her own order when she held that there was no jurisdiction. While the judge did not expressly state that she had not intended to retain jurisdiction over the Agreement, this is the only reasonable conclusion that can be drawn from her actions. Moreover, there are few persons in a better position to understand the meaning of an order of dismissal than the district judge who ordered it. Cf. United States v. Local 359, United Seafood Workers, 55 F.3d 64, 68 (2d Cir.1995). But see Hagestad, 49 F.3d at 1433 (subjective intent of district judge to retain jurisdiction is irrelevant).
 
 
 24
 We therefore conclude that under Kokkonen's criteria, the district court did not have jurisdiction to enforce the settlement agreement. We affirm the decision of the district court.
 
 
 
 [1]
 The Agreement was not read into the record, nor was it attached to the stipulation