Lone THANNING, Plaintiff,

v.

The NASSAU COUNTY MEDICAL EXAMINERS OFFICE and the County of Nassau, Defendants.

No. CV 98–4446.

United States District Court, E.D. New York.

June 4, 1999.

Rosen, Leff, by Robert M. Rosen, Hempstead, New York, for plaintiff.

Hopkins, Kopilow & Weil by Michael T. Hopkins, Garden City, New York, for defendants.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff brings this action alleging a breach of a settlement agreement entered into among the parties in prior litigation before this court. Presently before the court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To the extent that defendants' motion is predicated on the argument that this court lacks subject matter jurisdiction over an alleged breach of the settlement agreement, the motion is denied on the merits. As detailed below, the court holds that all other arguments raised by defendants raise issues of fact outside of the pleadings and are therefore inappropriate for decision in the context of a Rule 12 motion. Accordingly, the court denies defendants' motion in its entirety.

### BACKGROUND

The settlement agreement at issue embodies the agreement of the parties terminating a case commenced in this court under docket number 94–CV–3354 (LDW). In that case plaintiff alleged discrimination based upon sex, in violation of 42 U.S.C. § 2000e ("Title VII"). The settlement agreement was signed by all parties and so ordered by this court on December 12, 1995. On that same date the parties signed, and this court so ordered, a stipulation of dismissal with prejudice. Although the settlement agreement does not state expressly that this court shall retain jurisdiction over enforcement of the terms of the agreement, the agreement was, as noted, so ordered by this court.

### DISCUSSION

I. *Legal Principles*

Defendants' motions are made in the context of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Harsco v. Segui*, 91 F.3d 337, 341 (2d Cir.1996); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). When considering a motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto. When considering the facts pled, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 62 (2d Cir.1997). A complaint should not be dismissed "simply because a plaintiff is unlikely to succeed on the merits." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). With these principles in mind, the court turns to defendants' motions.

II. *The Motion To Dismiss*

A. *Subject Matter Jurisdiction*

As noted above, defendants claim that the court lacks subject matter jurisdiction

over controversies arising out of the settlement agreement. As a matter that is directly solely to the adequacy of the pleadings, this is a matter properly decided in the context of a motion pursuant to Rule 12. According to defendants, plaintiff's lawsuit is a breach of contract action that belongs in the New York state courts. For the reasons set forth below, this court disagrees.

Federal courts are courts of limited jurisdiction and do not obtain jurisdiction over enforcement of settlement agreements simply by virtue of the fact that the dispute settled was within the court's subject matter jurisdiction. Instead, enforcement of a settlement agreement requires an independent basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Such an independent basis of jurisdiction exists where the settlement agreement includes a specific provision whereby the court retains jurisdiction over the settlement agreement or where the terms of the settlement agreement are incorporated into a court order. *Id.* at 381, 114 S.Ct. 1673; *Scelsa v. City University of New York*, 76 F.3d 37, 40 (2d Cir.1996); *Ermenegildo Zegna Corp. v. Lanificio Mario Zegna S.p.A.*, 1996 WL 721079 *2 (S.D.N.Y.1996).

Where an action is settled and there is no more than a so ordered stipulation of dismissal, the court lacks jurisdiction to consider disputes alleging breach of a separate settlement agreement. In such a case, disputes arising out of the alleged breach of the settlement agreement amount to breach of contract claims that are properly decided in a state forum. *E.g., Scelsa*, 76 F.3d at 41; *Diaz v. Loews New York Hotel*, 1998 WL 326736 *2 (S.D.N.Y.1998).

On the other hand, the existence of a so ordered settlement agreement incorporates the terms of the settlement into a court order and thereby gives the court jurisdiction to resolve disputes arising out of a breach of the agreement. *E.g., Ermenegildo Zegna Corp. v. Lanificio Mario Zegna S.p.A.*, 1996 WL 721079 *2 (S.D.N.Y.1996); *Torres v. Costich*, 935 F.Supp. 232, 234 (W.D.N.Y.1996). This is such a case. The parties have annexed to their papers a copy of the agreement sought to be enforced. Clearly, the agreement has been so ordered by this court and its terms have thereby been incorporated into an order of the court. Accordingly, the court has jurisdiction over the present dispute and denies the motion to dismiss based upon a lack of subject matter jurisdiction.

B. *Remaining Grounds For Dismissal*

The remainder of defendants' motion is directed to the merits of plaintiff's claims of breach. These matters go beyond the pleadings and are not appropriately decided in the context of a Rule 12 motion. In particular, the court finds that issues of fact regarding the particular conduct alleged to constitute a breach of the agreement make a decision on the question of breach inappropriate at this time and certainly inappropriate in the context of a motion to dismiss. Accordingly, the motion to dismiss must be denied.

*CONCLUSION*

Defendants' motion to dismiss plaintiff's complaint is denied in its entirety.

SO ORDERED.