In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1523

Goble Jessup,

Plaintiff-Appellee,

v.

Robert Luther, et al.,

Defendants-Appellees.

Appeal of Mid-Illinois Newspapers, Inc.,

Intervenor/Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 97 C 2241--David G. Bernthal, Magistrate Judge.

Argued September 28, 2001--Decided Janaury 17, 2002

   Before Posner, Easterbrook, and Kanne,
Circuit Judges.

   Posner, Circuit Judge.  A newspaper publisher appeals from the denial of its motion to unseal a settlement agreement that had been sealed and deposited in the federal district court in which the motion was made. The agreement resolved a dispute between a former vice president of a public college, and the college, concerning the termination of his contract of employment. He had sued the college in federal district court under 42 U.S.C. sec. 1983, charging that the termination had deprived him of property and liberty without due process of law, in violation of the Fourteenth Amendment. The suit was filed in 1997 and the following year settlement discussions were conducted that a magistrate judge presided over as authorized to do by a local rule of the district court. The parties reached an agreement and embodied it in a signed document that they gave the judge. He "approved" the agreement, we are told, but the significance of this approval is unclear. He did not embody his approval in a judicial order that would have made the agreement enforceable by contempt proceedings in the event that

either party violated its terms. He merely ordered that the suit be dismissed with prejudice and that "all documents related to the settlement are to be sealed. This will include any documents submitted by the parties other than the order of dismissal." The publisher intervened, see Jessup v. Luther, 227 F.3d 993 (7th Cir. 2000), but, as we have said, its motion to unseal the agreement was denied, precipitating this appeal. The denial of the motion was a final, appealable order, 28 U.S.C. sec. 1291, for nothing remained pending in the district court after its entry.

The general rule is that the record of a judicial proceeding is public. Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509-10 (1984); United States v. Ladd, 218 F.3d 701, 704 (7th Cir. 2000); Smith v. United States District Court Officers, 203 F.3d 440, 441 (7th Cir. 2000); In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001); In re Sealed Case, 237 F.3d 657, 666 (D.C. Cir. 2001). Not only do such records often concern issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment, but also the public cannot monitor judicial performance adequately if the records of judicial proceedings are secret. Union Oil Co. v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000); United States v. Eppinger, 49 F.3d 1244, 1252-53 (7th Cir. 1995); B.H. v. McDonald, 49 F.3d 294, 301 (7th Cir. 1995); United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). These considerations, however, support a strong presumption rather than an absolute rule. When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed. Citizens First National Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997); Miller v. Indiana Hospital, 16 F.3d 549, 551 (3d Cir. 1994). The interest in secrecy is weighed against the competing interests case by case. Central National Bank v. United States Dep't of Treasury, 912 F.2d 897, 900 (7th Cir. 1990); Chicago Tribune Co. v.

Bridgestone/Firestone, Inc., 263 F.3d 1304, 1314-15 (11th Cir. 2001); Miller v. Indiana Hospital, supra, 16 F.3d at 551; see also United States v. Ladd, supra, 218 F.3d at 705-06.

Parties who settle a legal dispute rather than pressing it to resolution by the court often do so, in part anyway,because they do not want the terms of the resolution to be made public. Defendants in particular are reluctant to disclose the terms of settlement lest those terms encourage others to sue. See generally Laurie Kratky Dore, "Secrecy by Consent: The Use and Limits of Confidentiality in the Pursuit of Settlement," 74 Notre Dame L. Rev. 283 (1999). This might seem a material consideration in the present case, since the settlement was with an employee of the defendant and if the terms were favorable to the employee it might encourage other employees of the defendant to sue as well--yet it was the plaintiff rather than the defendant that requested that the terms of the settlement be kept secret, and the judge gave no reason why he acceded to the request. Ordinarily, though, settlement agreements, like most arbitration awards and discovery materials, are private documents, Union Oil Co. v. Leavell, supra, 220 F.3d at 568, not judicial records, and so the issue of balancing the interest in promoting settlements by preserving secrecy against the interest in making public materials upon which judicial decisions are based does not arise--there is no judicial decision. Even if the parties reach settlement after suit has been filed, the settlement agreement will not be a judicial record, B.H. v. McDonald, supra, 49 F.3d at 300, because the parties will file a stipulation of dismissal pursuant to which the suit will be dismissed without further ado or court action, Fed. R. Civ. P. 41(a)(1)(ii), and the settlement agreement that motivated the stipulation of dismissal will then have the identical status as any other private contract. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 380-81 (1994); Professional Service Network, Inc. v. American Alliance Holding Co., 238 F.3d 897 (7th Cir. 2001); Montgomery v. Aetna Plywood, Inc., 231 F.3d 399 (7th Cir. 2000); Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996); McAlpin v. Lexington 76 Auto Truck

Stop, Inc., 229 F.3d 491, 501-04 (6th Cir. 2000); Langley v. Jackson State University, 14 F.3d 1070, 1072-75 (5th Cir. 1994).

Settlement agreements that contain equitable terms, an injunction for example, will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms. But consent decrees are judicial orders and therefore are public except insofar as particular provisions may be concealed in order to protect trade secrets or other compelling interests in secrecy. B.H. v. McDonald, supra, 49 F.3d at 300; EEOC v. National Children's Center, Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996).

What is unusual about this case is that even though the settlement agreement does not contemplate the retention by the district court of jurisdiction to enforce any of its terms-- for remember that upon "accepting" the agreement the judge dismissed the suit with prejudice--the agreement was submitted to and approved by the judge and a copy deposited in the files of the court and then ordered sealed. The district judge's "approval" of a settlement, unless that approval is embodied in a judicial order retaining jurisdiction of the case in order to be able to enforce the settlement without a new lawsuit, has no legal significance. Kokkonen v. Guardian Life Ins. Co., supra, 511 U.S. at 381; Lucille v. City of Chicago, 31 F.3d 546 (7th Cir. 1994); McCall-Bey v. Franzen, 777 F.2d 1178, 1188-89 (7th Cir. 1985); Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189-90 (8th Cir. 1984). "There must be a deliberate retention of jurisdiction. . . . An unconditional dismissal terminates federal jurisdiction." McCall-Bey v. Franzen, supra, 777 F.2d at 1190. But litigants may negotiate with more confidence if they know that a neutral third party, namely the judge presiding over their case, will look over the settlement agreement and note any ambiguities or other flaws in it that might frustrate or complicate its enforcement should the parties ever come to blows over its meaning. The judge's participation, though informal, may be helpful; it is not improper merely

because it gives rise to no enforceable rights or duties.

   Whatever the rationale for the judge's participation in the making of the settlement in this case, the fact and consequences of his participation are public acts. He was not just a kibitzer. But even if he had been, judicial kibitzing is official behavior. The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to. All this would be of no moment, however, if the agreement were not in the files of the court, for it is the agreement that the newspaper wants. Yet for some reason there is a copy of the agreement in those files. There is a suggestion that the judge has retained a copy in order to resolve any disputes the parties may have over its meaning. If so, there has been a mistake, because, to repeat, once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal. See also Neuberg v. Michael Reese Hospital Foundation, 123 F.3d 951, 955-56 (7th Cir. 1997); Caudill v. North American Media Corp., 200 F.3d 914, 916-17 (6th Cir. 2000); National Presto Industries, Inc. v. Dazey Corp., 107 F.3d 1576, 1580 (Fed. Cir. 1997). The settlement is just another contract to be enforced in the usual way, that is, by a fresh suit. Kokkonen v. Guardian Life Ins. Co., supra, 511 U.S. 378-82; B.H. v. McDonald, supra, 49 F.3d at 300; Kinan v. Cohen, 268 F.3d 27, 34 (1st Cir. 2001); Scelsa v. City University of New York, 76 F.3d 37, 41 (2d Cir. 1996); Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995). No matter; the fact remains that the district court's files now contain a document that reflects input by a federal judge, and so the document is presumptively a public document.

   We learned at argument that the newspaper has sued the defendant college separately under the state's freedom of information act for a copy of the settlement agreement. 5 ILCS 140/1 et seq. Should the suit succeed, the newspaper will obtain the same relief it is seeking in this case; the sealing order does not state and cannot reasonably be understood to mean that it would be violated by a decision by a

state court requiring the college to turn over its copy of the agreement. The order is limited to the copy in the district court's possession. But there is no reason to force the newspaper to litigate another suit in another court to obtain relief to which it is entitled in this suit. Documents in judicial files are presumptively open to the public and neither the magistrate judge nor any of the parties has given us any reason to think the presumption might be rebutted in this case. The order of the district court is therefore reversed with directions to grant the relief sought by the intervenor.