**STATE STREET HOUSE, INC., State Street Associates Limited Partnership, Lanny A. Horwitz Plaintiffs–Appellants,**

v.

**NEW YORK STATE URBAN DEVELOPMENT CORP., Empire State Development Corp., New York Mortgage Loan Enforcement and Administration Corp., New York State Project Finance Agency Defendants–Appellees.**

**No. 02–7711.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

Arnold Weiss, Raichle Banning Weiss PLLC, Buffalo, NY, for Plaintiffs–Appellants.

Robert N.H. Christmas, Nixon Peabody LLP, New York, N.Y. (Christopher J. Porzio, of counsel), for Defendants–Appellees.

PRESENT: WINTER, CALABRESI, and KATZMANN, Circuit Judges.

**808**

## SUMMARY ORDER

Plaintiff–Appellant State Street Associates Limited Partnership ("Associates") is the equitable owner of Kennedy Plaza, a residential apartment building located in Utica, New York. Plaintiff–Appellant State Street Houses, Inc. ("Houses") is the legal title holder of that property. Plaintiff–Appellant Lanny A. Horwitz is president of Houses, and managing partner of Mathematical Bridge LLC, Associates' general partner. Defendant–Appellees New York State Urban Development Corporation (UDC), New York State Mortgage Loan Enforcement and Administration Corporation (MLC), and Empire State Development Corporation (ESDC) are public benefit corporations whose primary function is to fund real estate and development projects undertaken by qualified private entities in New York. Defendant–Appellee New York State Project Finance Agency (PFA) is a state governmental agency with a similar brief.

In January 1972, Houses and Associates entered into a mortgage loan agreement with defendant-appellee UDC. That mortgage, in turn, was subsidized by the federal Department of Housing and Urban Development (HUD) pursuant to an agreement between HUD, plaintiffs and UDC. In 1983, Associates, UDC, MLC, and PFA, along with other property owners and interest-holders, filed suit against Dow Chemical Company, alleging failure of a "Sarabond" mortar additive, which had been utilized in the construction of Kennedy Plaza. The complaint sought compensatory and punitive damages. *New York State Urban Development Corp. et al. v. Dow Chemical Company, Inc., et al.*, 83 CV 4327(VLB) (Broderick, *J.*). During the course of the litigation, in 1985, Associates granted power of attorney to UDC to negotiate and approve a settlement on Associates' behalf. At approximately the same time, Associates and Houses entered a Loan Restructuring Agreement with UDC, PFA, and MLC. That Agreement, according to plaintiffs, set forth a distribution scheme for any settlement proceeds which might accrue from the Sarabond Action, and provided that a portion of the monies would be paid, on plaintiffs' behalf, to HUD in satisfaction of a HUD Flexible Subsidy Loan.

In 1991, UDC, using its acquired power of attorney, entered a Settlement Agreement with Dow before Judge Broderick. The settlement provided for $20 million in compensatory damages and a waiver of all Sarabond plaintiffs' claims against Dow, except as they related to enforcement of the agreement. The agreement originally included a provision allocating approximately 35 percent of the settlement proceeds to Houses, Associates, and Horwitz. That particular provision was literally crossed out of the final Settlement Agreement, dated April 10, 1991.[1] Under the final agreement, the Sarabond Action plaintiffs—including the plaintiffs and defendants in the case before us—released each other from all claims related to that litigation, except for the obligations of each to "perform the terms of (i)[the] Settlement Agreement and (ii) the various documents and agreements setting forth Plaintiffs' respective rights regarding the distribution of the funds payable under this Settlement Agreement."

On the basis of that agreement, Judge Broderick "so ordered" the Stipulation and Order of Dismissal in the Sarabond action.

---

**1.** Plaintiffs assert that they objected to the settlement because they sought to pursue their punitive damages claims, and therefore rejected the allocation proposed in the Settlement Agreement.

His Order dismissed all claims with prejudice, and reserved jurisdiction only for limited purposes: "The Court shall retain jurisdiction of this action and of the parties solely with respect to enforcement of the terms of the written Settlement Agreement executed by the parties simultaneously herewith."

After entry of the order, Judge Broderick rejected the State Street parties' motion to vacate the settlement and to release the Sarabond plaintiffs to pursue their claims. Plaintiffs appealed the denial of their motion to vacate to this Court. Prior to submission, in July 1992, plaintiffs reached a settlement with UDC, PFA, and MLC, and the appeal was withdrawn with prejudice.[2] That second settlement consisted primarily of an amendment to the 1985 Loan Restructuring Agreement. The amendment made payment of the $2 million HUD Flexible Subsidy Loan the first obligation of the defendants before us.

Plaintiffs assert that UDC never made the HUD Flexible Loan Subsidy payment. As a result, they off-set the cost of that payment against their mortgage debt. And in April 2002, plaintiffs filed a complaint in the United States District Court for the Southern District of New York (Pauley, *J.*), alleging a variety of claims—including equitable reformation, fraud in the inducement, rescission, and breach of contract—in an effort to enforce the amended 1992 Loan Restructuring Agreement. They also sought a preliminary injunction, pursuant to Fed.R.Civ.P. 65,

against foreclosure of the Kennedy Plaza property. Defendants cross-moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and (b)(6), arguing that the court lacked subject matter jurisdiction and that the claims were all time barred.

The district court granted defendant's motion to dismiss on the ground that the court lacked jurisdiction.[3] Judge Pauley noted that the Order dismissing the Sarabond action had retained jurisdiction only as to the terms of the original Sarabond Settlement Agreement. He further found that the alleged payment obligation plaintiffs sought to enforce was not covered by that agreement, but rather by the separate loan restructuring accord consummated after the dismissal order was entered.[4] Since the Sarabond court had not retained jurisdiction over subsequent agreements by the parties, relevant Supreme Court precedent barred the court from exercising ancillary jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 380–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). On appeal, plaintiffs both (a) challenge the district court's conclusion that it lacked jurisdiction over the 1992 amended Loan Restructuring Agreement, and hence lacked ancillary jurisdiction over the alleged payment obligations deriving from that agreement, and (b) assert the existence of incidental and supplemental jurisdiction with respect to these payment obligations.

2. The Stipulation Withdrawing Appeal so ordered by this court did not retain jurisdiction or incorporate the terms of the 1992 settlement.

3. One of the claims—fraud in the inducement—did not fail on jurisdictional grounds. Because it was an attack on the underlying settlement, the district court instead dismissed that cause of action for failure to state a colorable claim of fraud under New York

law. Plaintiffs do not challenge this aspect of Judge Pauley's ruling.

4. Judge Pauley found that the Settlement Agreement "evidences that neither the parties nor the Court intended for distribution of the settlement funds to be an issue addressed by the settlement agreement" and therefore "a breach of the loan structuring agreement does not constitute a breach of the settlement agreement."

In assessing a district court's judgment on a Rule 12(b)(1) motion, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *See, e.g., Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002). Having done so, we affirm, substantially for the reasons given by the district court.

It is well settled in this circuit that, under *Kokkonen*, the district court can exercise ancillary jurisdiction to enforce a settlement agreement *only* if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated it into the order. *See, e.g., Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 327 (2d Cir.2001); *Scelsa v. City University of New York*, 76 F.3d 37, 41 (2d Cir. 1996). It is undisputed that Judge Broderick did not incorporate any agreement into his dismissal order. Thus, the only question is whether he retained jurisdiction to enforce the terms of a subsequent agreement—the 1992 amendment to the 1985 Loan Restructuring Agreement relating to allocation of settlement proceeds—between plaintiffs and defendants. He did not. The dismissal order "retain[ed] jurisdiction ... *solely* with respect to enforcement of the terms of the written Settlement Agreement executed by the parties *simultaneously* herewith" (emphasis added). Plaintiffs do not dispute that allocation of settlement funds was not a term of the written Settlement Agreement executed on April 10, 1991; indeed, they admit that a clause concerning distribution was crossed out of that agreement.[5]

Moreover, the April 10 agreement conceived of the "various documents and agreements ... regarding the distribution of the funds payable under this Settlement Agreement" as distinct from the "written Settlement Agreement" over which the district court retained jurisdiction. One of those separate "documents and agreements" was the Loan Restructuring Agreement, as amended in 1992, a year following the entry of the original dismissal order. It is a breach of *that* later agreement which forms the basis of plaintiffs' relevant claims.

We find that the Order of Dismissal, by its terms, did not retain jurisdiction over that agreement, and therefore, per *Kokonnen* and its progeny, the district court lacks ancillary jurisdiction to adjudicate claims arising under it. *See Kokonnen*, 511 U.S. at 381, 114 S.Ct. 1673 (holding that violation of an agreement is not a breach of a district court's order unless the court has specifically retained jurisdiction to enforce that particular agreement); *cf. Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 917 n. 2 (2d Cir.1998) ("[T]he text of the dismissal order ... did not clearly communicate an intention of the parties and of the district court" to retain jurisdiction over the agreement in question.).

Plaintiffs additionally urge this court to find supplemental and incidental jurisdiction over the 1992 Loan Restructuring Agreement and claims arising under it. Their arguments in this regard do not avail. Supplemental jurisdiction as to some claims exists only when the court is empowered to exercise original jurisdiction over other claims presented in the same suit. *See Cicio v. Does*, 321 F.3d 83, 97 (2d Cir.2003) (noting that a district court has supplemental jurisdiction over all other claims " 'that are so related to claims in the action within such original jurisdic-

---

5. This express omission indicates that both Judge Broderick and the parties were aware that distribution would be determined by agreements independent of the Settlement Agreement. Nevertheless, the court retained jurisdiction only over the Settlement Agreement.

tion'" that they "'derive from a common nucleus of operative fact'") (quoting 28 U.S.C. § 1367(a) and *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Here, none of plaintiffs' claims properly invokes the district court's original jurisdiction, and therefore supplemental jurisdiction does not lie.[6]

Plaintiffs' claims arise from an alleged breach of the 1992 amendment to the Loan Restructuring Agreement. These claims constitute "more than just a continuation or renewal of the dismissed suit ... hence [they] require [their] own basis for jurisdiction." *Kokonnen,* 511 U.S. at 378, 114 S.Ct. 1673. Plaintiffs cannot invoke diversity jurisdiction under § 1332 because there is not complete diversity (Plaintiff Associates is a citizen of New York, as are all of the defendants). Nor do plaintiffs allege any federal claims under § 1331. It follows that no independent basis for jurisdiction exists. We therefore conclude that plaintiffs have asserted nothing more than a breach of contract between private parties, and must pursue their claims in state court.

We have considered all of plaintiffs' claims and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

---

6. For their incidental jurisdiction argument, plaintiffs rely on *Woodbury v. Andrew Jergens Co.,* 69 F.2d 49 (2d Cir.1934). But *Woodbury,* though it also used the term "incidental jurisdiction," was in fact an ancillary jurisdiction case, and simply held that the district court can exercise jurisdiction to settle an attorneys' fee dispute arising from an abandoned suit. *See id.* at 49–50; *see also Stamford Bd. of Educ. v. Stamford Educ. Assoc.,* 697 F.2d 70, 72 (2d Cir.1982) (similarly using both terms).