**Billy J. STALNAKER, Plaintiff,**

v.

**NOVAR CORPORATION, Defendant.**

**No. CIV.A.02–T–451–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 20, 2003.

Andrew Clay Allen, Richard Stanislaw Frankowski, Whatley Drake, LLC, Birmingham, AL, for Billy J. Stalnaker, plaintiff.

Leslie McCafferty Allen, Douglas B. Kauffman, Aaron L. Dettling, Balch & Bingham, Birmingham, AL, for Novar Corporation, defendant.

## OPINION

MYRON H. THOMPSON, District Judge.

This case is currently before the court on plaintiff Billy Stalnaker and defendant Novar Corporation's motion to approve a settlement, submitted under seal, of Stalnaker's claim filed under the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201–219. For the reasons that follow, the settlement will be approved but unsealed.

### I. Approval of Settlement

■ Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C.A. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352–53 (11th Cir.1982).

■ The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C.A. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores,* 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages

because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

■ In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id.* at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.[1]

■ In this case, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay. Further, after speaking with Stalnaker and reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes.

## II. Unsealing of Settlement

Novar submitted the proposed settlement under seal.[2] However, for the reasons that follow that settlement will now be unsealed.

■ In most cases when the parties settle, the court does not examine or approve their agreements; the settlements are purely private contracts. However, when, as here, a settlement is approved by a court, the settlement becomes part of the judicial record. *Jessup v. Luther,* 277 F.3d 926 (7th Cir.2002) (noting that when a settlement is entered into the court's file under seal it becomes part of the judicial record); *Boone v. City of Suffolk,* 79 F.Supp.2d 603 (E.D.Va.1999) (treating FLSA settlement approved by court as judicial record).

■ There is a common-law presumption that judicial records are public documents. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone,* 263 F.3d 1304, 1311 (11th Cir.2001). Most of the cases that discuss this issue involve third-party challenges to the sealing of court documents. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003); *Jessup v. Luther,* 277 F.3d 926 (7th Cir.2002); *Boone v. City of Suffolk,* 79 F.Supp.2d 603 (E.D.Va.1999). However, the fact that no third party has objected to the sealing of the settlement here is "inconsequential," because the presumption of openness does not depend on the media's being interested in a particular case. *In re Estate of Martin Luther King, Jr. v. CBS,* 184 F.Supp.2d 1353, 1363 (N.D.Ga.2002). Rather, the presumption is based on the nature of democracy and the "citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1306. A

1. In *Lynn's Food Stores,* the court disallowed a compromise because it was not brought in the context of an employee lawsuit, but rather was an attempt by an employer to "settle" backpay claims because of a pending investigation by the Secretary of Labor. The "compromise" was unfair and reflected the ex-

treme inequalities of bargaining position that the FLSA was designed to protect against.

2. By order entered on August 11, 2003, at the request of Novar, the court placed the proposed settlement under seal.

judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" any part of the record. For this reason, a judge "may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999).

 The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that "directly affect an adjudication" than for documents, such as certain discovery materials, that "come within a court's purview solely to insure their irrelevance." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir.1995); *see also Chicago Tribune*, 263 F.3d at 1311.

 And the presumption is surely most strong when the "right" at issue is of a "private-public character," as the Supreme Court has described employee rights under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708, 65 S.Ct. 895, 903, 89 L.Ed. 1296 (1945). This public character is based on "an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided." *Id.* at 706–707, 65 S.Ct. at 902 (footnotes omitted). Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger "the national health and well-being." *Id.*

 The document at issue here, a settlement agreement entered as a stipulated judgment, is not only dispositive of the adjudication and thus falls on the end of the continuum for which the presumption is stronger, *see Jessup v. Luther*, 277 F.3d 926 (7th Cir.2002) (acknowledging a "strong presumption" in favor of openness for a settlement agreement approved by a district court and entered into the court record), it is an FLSA wage-settlement agreement between an employee and an employer for the which the presumption is strongest.

 A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness, namely judicial transparency (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy. *Jessup*, 277 F.3d at 928. In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *id.*, or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995), the interest in secrecy is compelling. The settlement at issue here does not involve trade secrets, informants, children, or scandalous or libelous information. A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered today, it is the ORDER,

JUDGMENT, and DECREE of the court as follows:

(1) The parties' joint motion for approval of the proposed settlement, filed August 29, 2003 (Doc. No. 31) is granted and the settlement is approved.

(2) Pursuant to the settlement agreement, this lawsuit is dismissed with prejudice, with costs taxed as paid.

It is further ORDERED that the settlement agreement is unsealed.

The clerk of this court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.