IN THE UNITED STATES DISTRICT COURT FOR 
 THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

JULIANNA BARNES, et al., ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CIVIL ACT. NO. 1:20-cv-00230-ECM 
 ) 
VANESSA WOODARD, ) 
 ) 
 Defendant. ) 

 MEMORANDUM ORDER and OPINION 

Plaintiffs Julianna Barnes, Alexandra Coleman, and Elise Whistler (collectively 
“Plaintiffs”) bring this private action against Defendant Vanessa Woodard pursuant to the 
Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 201, et seq. The Defendant was the 
manager of a now closed restaurant, The Barrel Room, where the Plaintiffs worked as 
servers for three years prior to the filing of their complaint on April 2, 2020. (Doc. 1). The 
Plaintiffs allege that the Defendant acted as their employer at The Barrel Room and 
operated an invalid tip pooling arrangement for at least three years, failing to pay the 
Plaintiffs a lawful minimum wage in violation of the FLSA. (Doc. 35 at 5–6). They allege 
that they were paid the same rate for tipped and untipped work, that tips were spread out 
among all employees, and that they were paid at or around a rate of $2.15 per hour when 
they were not serving in the dining room. (Id. at 4–5). They claim that the Defendant knew, 
or should have known, of the requirements of the FLSA and instead showed reckless 
disregard for its requirements. (Id. at 5). The Plaintiffs request compensatory damages, 
liquidated damages, attorney’s fees, and court costs. (Id. at 6). The Parties have reached a 
resolution, and pending before the Court is the Parties’ joint motion to approve settlement 
and dismiss the case with prejudice. (Doc. 29). The Court reviewed the Parties’ settlement 

agreement in camera, and, for the following reasons, the Court will approve the settlement 
agreement. 
Congress enacted the FLSA to protect workers from substandard wages and 
oppressive working hours. Lynn’s Food Stores v. United States Dep’t of Labor, 679 F.2d 
1350, 1352 (11th Cir. 1982). To protect employees with unequal bargaining powers, the 

FLSA’s provisions are mandatory and not subject to negotiation. Id. Employees may settle 
or compromise on their back wage claims in two ways: (1) the Secretary of Labor may 
supervise the payment of unpaid wages to employees, and (2) employees may sue their 
employers for back wages under the FLSA. Id. at 1353. “When employees . . . present to 
the district court a proposed settlement, the district court may enter a stipulated judgment 

after scrutinizing the settlement for fairness.” Id. A settlement is fair when it is a 
“reasonable compromise,” or a “fair and reasonable resolution of a bona fide dispute over 
FLSA provisions.” Id. at 1354–55. 
This case presents a bona fide dispute over FLSA provisions, including the question 
of liability, the amount of back pay at the applicable minimum wage, and other damages. 

After hearing from the Parties at a status conference on October 5, 2020, reviewing the 
proposed settlement agreement and general release, and considering the appropriate 
compensation for the Plaintiffs, the Court finds that the settlement agreement is a fair and 
reasonable resolution of the bona fide dispute. 
The settlement agreement includes a confidentiality provision between the Parties. 
(See doc. 29 at 2). Upon agreement of the Parties, the Defendant submitted the settlement 
agreement for in camera review. Although most settlements are private contracts, a court 

approved settlement becomes a part of the judicial record. Stalnaker v. Novar Corp., 293 
F.Supp.2d 1260, 1263 (N.D. Ala. 2003). “There is a common-law presumption that 
judicial records are public documents . . . And the presumption is surely most strong when 
the ‘right’ at issue is of a ‘private-public character,’ as the Supreme Court has described 
employee rights under the FLSA.” Id. at 1263–64 (quoting Brooklyn Savings Bank v. 

O’Neil, 324 U.S. 697, 708 (1945)). 
Furthermore, before sealing a document, the district court must identify and 
articulate “an overriding interest based on findings that [a seal] is essential to 
preserve higher values and is narrowly tailored to serve that interest. The 
interest is to be articulated along with findings specific enough that a 
reviewing court can determine whether the [sealing] order was properly 
entered.” 

Dees v. Hydradry, Inc., 705 F.Supp.2d 1227, 1244–46 (M.D. Fla. 2010) (quoting Press-
Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984)). Thus, because 
the statute was enacted to protect employees, courts typically allow FLSA settlements to 
be filed under seal in “extraordinary circumstances,” Beard v. Dolgencorp, LLC, 2013 WL 
12253571, at *3 (N.D. Ala. Mar. 29, 2013), such as when the settlement agreement includes 
trade secrets or the identity of informants, invades the privacy of children, or furthers 
scandalous or libelous purposes. Stalnaker, 263 F.Supp.2d at 1264. “Absent an ‘overriding 
interest’ in the preservation of some ‘higher value,’ the court should not abide the parties' 
request for a seal.” Dees, 705 F.Supp.2d at 1246. 
Notwithstanding the general presumption against confidentiality, the Court finds 
that the Parties advanced sufficient justifications for the confidentiality provision. Under 
the narrow and specific facts of this case, including, but not limited to, the bargained for 

provisions in the agreement, the dispute regarding liability, the terms of the settlement, and 
the mutual desire of the Parties, the Court concludes that the confidentiality provision does 
not thwart Congress’s intent or frustrate the purpose or implementation of the FLSA. 
Therefore, the Court will approve the settlement and allow the settlement agreement to be 
filed in the record under seal. 

 CONCLUSION 
For the reasons as stated, and for good cause, it is ORDERED as follows: 
(1) The Parties’ joint motion to approve settlement and dismiss the case with 
 prejudice (doc. 29) is GRANTED, and 
(2) The Parties are DIRECTED to file their settlement agreement under seal by 

 October 30, 2020. 
A separate final judgment will be entered upon the filing of the Parties’ settlement 
agreement under seal. 
DONE this 26th day of October, 2020. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE